IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raquel A. Nickey,                           :
                    Petitioner              :
                                            :
          v.                                :
                                            :
Unemployment Compensation                   :
Board of Review,                            :        No. 681 C.D. 2019
                    Respondent              :        Submitted: October 25, 2019


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED:  January 6, 2020


          Raquel A. Nickey (Claimant) petitions this Court, pro se,[1] for review of
the Unemployment Compensation (UC) Board of Review's (UCBR) April 24, 2019
order affirming as modified the Referee's decision and denying Claimant UC benefits
under Section 401(d)(1) of the UC Law (Law).[2,3]  There are three issues before this
Court: (1) whether Claimant was properly disqualified from receiving UC benefits
under Section 401(d)(1) of the Law; (2) whether the Referee properly sustained
UPMC Pinnacle's (Employer) hearsay objection; and (3) whether Claimant was
afforded a full and fair hearing before the Referee.  After review, we affirm.

---

[1] Claimant was unrepresented throughout the proceedings, with the exception of her appeal
from the Referee's decision to the UCBR, at which time an attorney filed her appeal with, and a
brief on her behalf to, the UCBR.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
801(d)(1) (referring to ability and availability to work).

[3] The Referee denied Claimant UC benefits under both Sections 401(d)(1) and 402(e) of the
Law, 43 P.S. § 802(e) (referring to willful misconduct).

Employer employed Claimant as a full-time mammography technician from July 1, 1989 to August 14, 2018. Claimant worked 32 hours per week. On June 15, 2016, Claimant suffered a work injury, but continued working with restrictions approved by her supervisor until August 14, 2018. Claimant's restrictions included working only four hours per day, three days per week. On August 14, 2018, Employer's Employee Benefit Counselor Tenna Snyder (Snyder) became aware that Claimant was working with restrictions and met with Claimant. At that time, Claimant indicated that she was having trouble concentrating, was tired, and could not sleep at night.

Snyder became concerned about Claimant's ability to perform her job effectively and placed Claimant on a leave of absence. Snyder gave Claimant a medical certification form, an essential job functions form, and a work capacities evaluation form to be completed by Claimant's healthcare provider by September 25, 2018. Employer did not receive the necessary documents by September 25, 2018. Snyder gave Claimant an extension until October 3, 2018 to submit the documentation. Employer received the medical certification and work capacities evaluation forms from Claimant's healthcare provider; however, based on the information provided, Employer was unable to authorize a leave of absence for Claimant beyond August 6, 2018.

On October 9, 2018, Snyder sent Claimant a letter stating that she had until October 17, 2018 to submit an essential job functions form completed by her healthcare provider. The October 9, 2018 letter also advised Claimant that she had until October 17, 2018 to supply the end date on her request for leave of absence form. Subsequently, Claimant informed Snyder that she had a doctor's appointment on November 6, 2018. On October 15, 2018, Snyder provided Claimant with another essential job functions form to be completed by her doctor.

On November 7, 2018, Claimant notified Snyder that she was unable to work in any capacity due to extreme pain, and that her doctors were not going to complete the essential job functions form. On November 9, 2018, Employer sent Claimant a letter advising of her employment termination based on her inability to perform her essential job functions and her communication that she had no definitive return-to-work date.

Claimant applied for UC benefits. On December 3, 2018, the Altoona UC Service Center determined that Claimant was eligible for UC benefits under Section 402(e) of the Law, but ineligible under Section 401(d)(1) of the Law. Claimant appealed and a Referee held a hearing. On February 26, 2019, the Referee affirmed the UC Service Center's determination as modified and denied Claimant UC benefits under Sections 402(e) and 401(d)(1) of the Law. Claimant appealed to the UCBR. On April 24, 2019, the UCBR affirmed the Referee's decision as modified and denied Claimant UC benefits under only Section 401(d)(1) of the Law. Claimant appealed to this Court.[4]

Claimant first argues that the UCBR erred by concluding that Claimant was ineligible for UC benefits under Section 401(d)(1) of the Law. Specifically, Claimant contends Employer was not credible because Claimant was able and available for work within her restrictions.

This Court has explained:

> Section 401(d)(1) of the Law provides, in part, that '[c]ompensation shall be payable to any employe[] who is or becomes unemployed and who . . . [] [i]s able to work and available for suitable work.' **The burden of proving**

---

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

> **availability for suitable work is on the claimant**. An unemployed worker who registers for unemployment is **presumed to be able and available for work**. This **presumption is rebuttable by evidence that a claimant's physical condition limits the type of work [s]he is available to accept** or that [s]he has voluntarily placed other restrictions on the type of job [s]he is willing to accept. **If the presumption of availability is rebutted, the burden shifts to the claimant to produce evidence that [s]he is able to do some type of work and that there is a reasonable opportunity for securing such work**.

*Rohde v. Unemployment Comp. Bd. of Review*, 28 A.3d 237, 242-43 (Pa. Cmwlth. 2011) (citations omitted; emphasis added).

"[T]he determination of whether a claimant is available for work as required by Section 401(d)[(1)] of the Law is a question of fact for the [UCBR.]" *Craig v. Unemployment Comp. Bd. of Review*, 442 A.2d 400, 401 (Pa. Cmwlth. 1982) (quoting *Goodwin v. Unemployment Comp. Bd. of Review*, 378 A.2d 1308, 1310 (Pa. Cmwlth. 1977)). Further, "the [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. . . . Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). Here, the UCBR deemed Employer's witness to be credible and resolved conflicts in testimony in Employer's favor, as it was entitled to do.

At the Referee hearing, Snyder testified:

E[mployer's] L[awyer] What happened after November 6th?

E[mployer's] W[itness] I did not hear back from [Claimant] November 6th, but November 7th, [Claimant] did call me. We had a conversation. She told me that her physicians were not going to complete the essential functions form. The doctor was recommending physical therapy for her and that **she was in extreme pain and would not be able to work at all at that time**.

4

E[mployer's] L[awyer] And that was the most recent information you've had regarding her current status, correct?

E[mployer's] W[itness] Correct.

Notes of Testimony, February 5, 2019 (N.T.) at 12 (emphasis added).

Moreover, on Claimant's Internet Initial Claims form, in answer to the question: "**Are there any conditions under which you may not be able and available to work during the next year**?" Claimant responded "**Y[es**.]". Certified Record (C.R.) Item 2 at 1 (emphasis added). Further, Claimant answered "Y[es]" to the question: "Are there any restrictions and/or limitations (health/physical, travel distance, wages, hours able to work, etc[.]) with regard to the type of work you are seeking or willing to accept[.]" C.R. Item 2 at 4. Claimant described the restrictions and/or limitations as: "Medical health issues. Currently in physical therapy, [f]ibromyalgia, chronic pain[.]" *Id.*

Finally, under "Additional Information" on the Internet Initial Claims form, Claimant declared:

**Are you able to work**? **N[o**.]

If no, please explain. Not at this time due to health reasons[.]

**Are you available for work**? **N[o**.]

If no, please explain. Not at this time due to health issues[.]

Are you voluntarily restricting your work hours or type of work? N[o.]

Is there any additional information that you feel may affect your eligibility for unemployment compensation? FIBROMYALGIA[,] SPONDYLOSIS WITH RADICULOPATHY LUMBAR REGION[,] CHRONIC FATIGUE SYNDROME[,] HASHIMOTO THYROIDITIS AUTOIMMUNE[,] CENTRAL PAIN SYNDROME[,] THORACIC AND LUMBAR NEURITIS[,] IBS[,] SLEEP DISTURBANCES[,] MIGRAINES[,] JOINT SWELLING[,] OSTEOARTHRITIS[,] LEFT LUMBAR ANNULAR TEAR[,]

5

ANGULAR DISK BULGE[,] ADJUSTMENT DISORDER WITH MIXED ANXIETY AND DEPRESSION [AND] FIBROMYALGIA FOG[.]

C.R. Item 2 at 5 (emphasis added). Clearly, this evidence supports the UCBR's conclusion that Claimant was not able or available for work. Accordingly, the UCBR's determination that Claimant was not eligible for UC benefits under Section 401(d)(1) of the Law was based on substantial evidence.

Claimant next contends that the Referee erred by sustaining Employer's hearsay objection to Claimant's testimony with respect to what her supervisor told her because her supervisor's statements are an exception to the hearsay rule as an opposing party's statement under Section 803(25)(D) of the Pennsylvania Rules of Evidence.[5] Specifically, Claimant testified:

> E[mployer's] L[awyer] Okay. You got the termination letter, correct?
>
> C[laimant] Correct.
>
> E[mployer's] L[awyer] You never reached out to [Snyder] with any documentation that said no, Employer, you're wrong . . . [.]
>
> C[laimant] Yes, ma'am. I did.
>
> . . . .
>
> C[laimant] I did reach out. In fact, I talked to my department director who signed that termination letter, Elmar Toralses [(Toralses)], and told him that letter was untrue, that I did not agree with that. I'm sorry that he can't confirm that, but yes, I did.
>
> E[mployer's] L[awyer] You would have needed to have [Toralses] here. So I'm objecting to anything . . . [.]

[5] Employer rejoins that Claimant waived this objection by not raising it before the Referee. Although Claimant did not raise the argument before the Referee, she did raise it in her appeal to the UCBR. Because Claimant was unrepresented at the hearing but was represented during her appeal to the UCBR, out of an abundance of caution, this Court will address the argument.

R[eferee] And I will sustain.

N.T. at 20-21. Section 803(25) of the Pennsylvania Rules of Evidence provides, in relevant part, that an opposing party's statement is an exception to the hearsay rule when: "The statement is offered against an opposing party and . . . (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed[.]" Pa.R.E. 803(25).

Here, Claimant merely testified that she wished Toralses was at the hearing to confirm that she protested her termination letter. There is no probative value in that statement. Claimant never stated or attempted to state what Toralses said. Thus, there was no statement by an opposing party to object to in the first instance. Accordingly, whether the objection was properly sustained is of no moment to the issues now before this Court.

Lastly, Claimant asserts that the Referee was biased because she accepted Employer's testimony over Claimant's testimony and, therefore, denied Claimant the opportunity for a full and fair hearing before the Referee.

This Court has explained:

> A [r]eferee will be found to have denied a fair hearing to an unrepresented party where the [r]eferee failed to 'advise h[er] as to h[er] rights, aid h[er] in examining and cross-examining witnesses, and give h[er] every assistance compatible with the impartial discharge of [the tribunal's] official duties.' 34 Pa. Code § 101.21(a). This includes assisting *pro se* claimants in developing the facts necessary for a decision.

*Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 264 (Pa. Cmwlth. 2008).

Here, a review of the record reveals that Claimant was provided notice and was advised of her rights. The Hearing Notice mailed to Claimant delineated her rights, including her right to subpoena witnesses. *See* Hearing Notice at 2. Further,

7

the Referee advised Claimant of her rights when the hearing commenced. *See* N.T. at 2. Finally, Claimant was afforded the opportunity to be heard throughout the proceeding. Claimant testified on her own behalf and the Referee questioned her regarding her employment separation. Relative to the Referee's credibility determination, the Referee explained:

> [C]laimant contends she was able and available for work within her medical restrictions. [] [C]laimant's conflicting testimony relating to this issue is not found credible. Based on information provided on [] [C]laimant's [I]nternet [Initial Claims form], she apparently suffers from several medical ailments and she failed to provide any current medical documentation to support she had been released to work with or without restrictions during the week at issue.

Referee Dec. at 3. Accordingly, based upon this Court's review of the record, Claimant was afforded the process she was due and received a full and fair hearing.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raquel A. Nickey,                           :
               Petitioner                :
                            :
          v.                                :
                            :
Unemployment Compensation                   :
Board of Review,                            :      No. 681 C.D. 2019
               Respondent                :

## O R D E R

AND NOW, this 6th day of January, 2020, the Unemployment Compensation Board of Review's April 24, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge